# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY S. BASS,

        Plaintiff,

      v.                                 Case No. 26-CV-1182

CITY OF MILWAUKEE DEPARTMENT OF PUBLIC WORKS,
NICK GOODWIN, KAREN FORCENZA, and
DEAN MARTINEZ,

        Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is the plaintiff Anthony Bass's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Bass's request, the court concludes that Bass lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Bass's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Bass's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

## 1. Legal Standards

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a

2

court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### 2. Factual Allegations

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Bass's complaint. Bass asserts that he worked for the City of Milwaukee in the Department of Public Works as a bridge operator from 2021 through 2025. (ECF No. 1 at 2.) He states that the City fired him after offering him a demotion that he accepted "even though no person was injured or killed unlike a younger bridge operator who was involved with a pedestrian's death while crossing the bridge." (*Id.* at 1–2.) Bass alleges that he was treated differently on account of his age because he was sixty-six years old at the time. (*Id.* at 2.)

Bass further alleges that individual defendants Nick Goodwin and Karen Forcenza terminated him based on false information without investigating Bass's statements. (ECF

No. 1 at 4.) Bass does not mention the third individual defendant, Dean Martinez, in the substance of his complaint. (*See generally id.*)

### 3. Analysis

Liberally construing Bass's complaint, as the court must all pleadings of non-attorneys, the court determines that Bass is attempting to bring claims against his former employer and several of its individual employees under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*[1]

The ADEA makes it illegal for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To plead a claim of discrimination under the ADEA, "a plaintiff must allege that [he] is over 40 years old and the employer took a specified adverse employment action against [him] because of [his] age." *Clark v. SMG Corp.*, No. 16-cv-07985, 2018 WL 4699763, at *5 (N.D. Ill. Sept. 30, 2018); *see also Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010).

Bass alleges that he was over forty years old when his employer terminated him because of his age. Therefore, Bass has pled sufficient facts to proceed with a claim for age discrimination against the City of Milwaukee.

---

[1] Although the Wisconsin Fair Employment Act prohibits discrimination based on age, there is no private right of action thereunder. *See Trudeaux v. Paper Transp., Inc.*, No. 20-CV-169, 2020 WL 1539700, at *——, 2020 U.S. Dist. LEXIS 59373, at *9 (E.D. Wis. Feb. 28, 2020).

However, Bass's complaint offers no allegations that could qualify any of the individual defendants as an "employer" under the ADEA. *See* 29 U.S.C. § 630(b) (defining "employer" to mean an individual or an organized group of persons who is "engaged in an industry affecting commerce who has twenty or more employees…" or an "agent" of such a person or group). Even if the individuals were acting as agents of the employer, any suit against them in their official capacities would be redundant when the employer is already a defendant. *See Levin v. Madigan*, 697 F. Supp. 2d 958, 973 (N.D. Ill. 2010) (finding ADEA claim against individual defendant in her official capacity was redundant); *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) (noting that suing an individual defendant in his or her "official, strictly representative capacity, is simply one method of bringing suit against the employer and is distinct from a personal capacity suit").

Bass has failed to state a claim against individual defendants Nick Goodwin, Karen Forcenza, and Dean Martinez. However, the Seventh Circuit Court of Appeals has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The court will allow Bass to file an amended complaint if he wishes to proceed with an action against the individual defendants in addition to his former employer. If he files an amended complaint, it must re-assert the claims against his former employer in addition to any related claims he wishes to advance against the individual defendant(s)

6

because an amended complaint will replace the prior complaint and must be complete

without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th

Cir. 2021).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Bass's Request to Proceed in District Court

without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Bass must file an amended complaint with the

court no later than **August 20, 2026. <u>If Bass fails to do so the court will recommend that

his complaint be dismissed as to the three individual defendants.</u>**

**IT IS FURTHER ORDERED** that all of Bass's filings with the court shall be mailed

to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the

processing of the matter.

Bass should also retain a personal copy of each document.

Bass is further advised that failure to comply with all deadlines in this matter may

have serious consequences, up to and including the loss of certain rights or the dismissal

of this entire action.

7

In addition, Bass must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 28th day of July, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge