UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ANTHONY S. BASS,**

**Plaintiff,**

**v.** **Case No. 26-CV-1182**

**CITY OF MILWAUKEE DEPARTMENT OF PUBLIC WORKS, NICK GOODWIN, KAREN FORENZA[1], and DEAN MARTINEZ,**

**Defendants.**

---

## RECOMMENDATION AND ORDER

---

On July 6, 2026, Anthony Bass filed a pro se complaint alleging age discrimination by his former employer, the City of Milwaukee Department of Public Works, and three individual defendants. (ECF No. 1.) Upon screening the court determined that Bass failed to state a claim against the individual defendants and offered him the opportunity to amend the complaint if he wished to proceed against the individuals. (ECF No. 4.) Bass filed an amended complaint on August 21, 2026. (ECF No. 5.)

The court will now screen Bass's first amended complaint (ECF No. 5) to determine if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may

[1] The amended complaint lists this individual defendant's name as Forenza, rather than Forcenza, as previously spelled. The Clerk of Court shall update the case caption accordingly.

be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**1. Factual Allegations**

Bass states that he is sixty-seven years old and a former bridge operator for the City of Milwaukee Department of Public Works. (ECF No. 5 at 1.) Defendant Nick Goodwin was a supervisor in the Department of Public Works who was involved in decisions affecting Bass's employment. (*Id.* at 2.) Defendant Karen Forenza was involved in Human Resources communications and supervisory actions. (*Id.*) Defendant Dean Martinez was a lead worker directly supervising Bass during bridge operations. (*Id.*)

A snow incident occurred on January 15, 2024, when Goodwin sided with Martinez against Bass's professional judgment. (ECF No. 5 at 2.) During a meeting with Human Resources on an unidentified date, Goodwin displayed a photograph of Bass's home for no apparent reason. (*Id.* at 2–3.) Bass alleges this display was intimidating, invasive, and contributed to a hostile work environment. (*Id.* at 3.) On August 24, 2025, Goodwin and Forenza attempted to contact Bass during his approved vacation day about an incident Bass already reported to Martinez. (ECF No. 5 at 3.)

Bass accepted an employment demotion and followed required protocols, including providing medical documentation requested by his employer. (ECF No. 5 at 3.) The City claimed it did not receive the medical documentation. (*Id.*) Bass was terminated

on September 29, 2025, without notice or a meaningful opportunity to address the alleged documentation issue. (*Id.*)

Bass asserts that he was targeted and terminated because of his age. (ECF No. 5 at 4.) He claims that younger workers who engaged in more serious incidents were retained. (*Id.*) He asserts claims against the City's Department of Public Works for employment discrimination, retaliation, hostile work environment, and age discrimination. (*Id.*) He asserts claims of "Individual Liability" and hostile work environment against Goodwin, Forenza, and Martinez. (*Id.*)

In terms of relief, Bass requests back pay and lost wages, compensatory damages, punitive damages, reinstatement or front pay, and costs and fees. (ECF No. 5 at 5.)

**2. Analysis**

The court renews its prior determination that Bass has stated a claim for age discrimination against the City's Department of Public Works under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq*. (*See* ECF No. 4.) Bass now adds claims for employment discrimination, retaliation, and hostile work environment.

The foundation for Bass's general employment discrimination claim is unclear because he does not allege that the defendants discriminated against him based on any characteristic other than age. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (observing that plaintiff needs to allege facts allowing for a plausible inference that

an adverse action was connected to a characteristic protected under Title VII of the Civil Rights Act of 1964). Bass does not mention Title VII or a characteristic protected thereunder (race, color, religion, sex, and national origin). Even liberally construing Bass's complaint, as the court must all pleadings of non-attorneys, the court finds the "employment discrimination" claim does not state a plausible claim under Title VII.

To state a Title VII retaliation claim a plaintiff "must plead that [he] engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity." *Hatcher v. Bd of Trs. Of S. Ill. Univ.*, 829 F.3d 531, 536 (7th Cir. 2016) (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)). Bass pleads that he reported "mistreatment and unsafe conditions." (ECF No. 5 at 4.) "'Safety issues' are not a discriminatory practice under Title VII. Commenting on safety issues does not qualify as 'opposing' a discriminatory practice or 'participating' in an investigation regarding an employer's allegedly discriminatory practices." *Junco v. United Ground Express, Inc.*, No. 24-CV-452-PP, 2024 WL 4650902, at *3, 2024 U.S. Dist. LEXIS 198806 (E.D. Wis. Nov. 1, 2024). Because Bass does not allege that he reported any mistreatment concerning a discriminatory practice under Title VII, he has failed to state a claim for retaliation.

To state a Title VII hostile work environment claim, a plaintiff must plead that "(1) [he] was subject to unwelcome harassment; (2) the harassment was based on [a reason forbidden by Title VII]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and

(4) there is basis for employer liability." *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015). Bass does not allege that he faced any harassment based on a characteristic protected by Title VII. Therefore, he has failed to state a plausible Title VII hostile work environment claim against any of the defendants.

Bass also has not identified any basis for individual liability against Goodwin, Forenza, or Martinez. His amended complaint offers no allegations that could qualify any of the individual defendants as an "employer" under the ADEA. *See* 29 U.S.C. § 630(b) (defining "employer" to mean an individual or an organized group of persons who is "engaged in an industry affecting commerce who has twenty or more employees…" or an "agent" of such a person or group). Even if the individuals were acting as agents of the employer, any suit against them in their official capacities would be redundant when the employer is already a defendant. *See Levin v. Madigan*, 697 F. Supp. 2d 958, 973 (N.D. Ill. 2010) (finding ADEA claim against individual defendant in her official capacity was redundant); *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) (noting that suing an individual defendant in his or her "official, strictly representative capacity, is simply one method of bringing suit against the employer and is distinct from a personal capacity suit").

**3. Conclusion**

Bass has failed to state a claim upon which relief can be granted in the district court against the three individual defendants. He also fails to state a claim for employment

discrimination, retaliation, and a hostile work environment against the City's Department of Public Works. Because not all parties have had the opportunity to consent to the jurisdiction of a magistrate judge, the Clerk of Court will randomly refer the case to a district judge for consideration of this court's recommendation that these defendants and claims be dismissed. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). Upon disposition of this court's recommendation, Bass's claim for age discrimination against the City's Department of Public Works may proceed.

**IT IS THEREFORE RECOMMENDED** that individual defendants Nick Goodwin, Karen Forenza, and Dean Martinez be **dismissed** from this action.

**IT IS FURTHER RECOMMENDED** that Bass's claims for employment discrimination, retaliation, and hostile work environment be **dismissed** from the first amended complaint**.**

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint,

a waiver of service form and/or the summons, and this order upon the defendant, the City of Milwaukee Department of Public Works. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, he is still responsible for the cost of serving the complaint on the defendant. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of Bass's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Bass should also retain a personal copy of each document.

Bass is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, Bass must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 24th day of August, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge